**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-00999-RMR

JORGE ROBLERO VASQUEZ,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,[1]
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,[2]

      Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, and Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction ("TRO"), ECF No. 2. Respondents filed a Response to the Petition, ECF No. 15, and Petitioner filed a Reply,

---

[1] The Court notes that, pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin was substituted as Secretary of the Department of Homeland Security in the Response, ECF No. 15, and Reply, ECF No. 16, and Petitioner's Unopposed Motion for Order, ECF No. 17.

[2] The Court additionally notes that Todd Blanche was substituted as Attorney General, U.S. Department of Justice, in Petitioner's Unopposed Motion for Order, ECF No. 17, pursuant to Fed. R. Civ. P. 25(d).

ECF No. 16. Petitioner also filed an Unopposed Motion for Order. ECF No. 17. The Court has reviewed the Petition, the Motion, the related briefing, and the applicable case law. As the briefing demonstrates, Petitioner's challenge is fundamentally legal in nature, and, for the reasons outlined below, the Court **GRANTS** the relief requested.

Mr. Roblero Vasquez has lived in the United States for approximately twenty years. ECF No. 1 ¶ 33. He has two United States citizen children and has worked for years in the concrete industry. *Id.* Mr. Roblero Vasquez has no criminal history. *Id.* He asserts constitutional and statutory claims, *see* ECF No. 1 at 11-15, seeking a bond hearing or immediate release, *see generally id.* This request for relief, and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests that the Court issue "a writ of *habeas corpus* requiring Respondents to release Mr. Roblero Vasquez immediately from all forms of custody and enjoin ICE from unilaterally imposing additional restraints on liberty" or in the alternative, "order Respondents to schedule him for a custody hearing pursuant to 8 U.S.C. § 1226(a) before a neutral IJ within seven days." *Id.* at 17. As Respondents acknowledge, the issue presented here is "not materially different from an issue this Court has resolved in a prior ruling in another case," ECF No. 15 at 2 (citing *Mendoza Gutierrez v. Baltazar, et al.*, 25-cv-02720-RMR (D. Colo.)), and the facts Petitioner presents are "not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)," *id.* at 4.

Indeed, like in *Mendoza Gutierrez*, Petitioner has resided in the United States for over two years. And, also like in *Mendoza Gutierrez*, Petitioner is being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that, despite his long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *See* ECF No. 15 at 1. As Respondents anticipate in their response brief, these similarities are sufficient to "lead the Court to reach the same result here" as it did in *Mendoza Gutierrez*. *Id.* at 4. The Court thus adopts that reasoning in full here, *see Mendoza Gutierrez*, 2025 WL 2962908, at *5-9 (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years"), and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[3]

---

[3] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D2 Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-

## CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents shall release Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose any additional conditions of release or restraints;

3. Respondents shall file a status report within **TWO DAYS** of this Order to certify compliance;

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof;

5. Petitioner's TRO, ECF No. 2, is **DENIED AS MOOT**, given the Court's ruling on Petitioner's Petition; and

6. Petitioner's Unopposed Motion for Order, ECF No. 17, is **GRANTED**.

---

BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

DATED: April 28, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge